Nitza I. ROBLES, et al, Plaintiff(s),

v.

COMBINED INSURANCE COMPANY OF AMERICA, Defendant(s).

No. CIV.03–1308JAG.

United States District Court, D. Puerto Rico.

July 31, 2003.

Santiago R. Palmer, Bayamon, PR, for plaintiff.

Charles P. Gilmore, O'Neill Fernandez Gilmore & Perez Ochoa, P.S.C., and Javier I. Arbona, San Juan, PR, for defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On December 17, 2002, plaintiff Nitza I. Robles ("Robles") filed a complaint in state court (Puerto Rico Superior Court of Bayamón) on behalf of herself, her legal partner and her son, alleging that defendant Combined Insurance Company of America ("Combined") failed to make insurance payments to which they were entitled by law (Docket No. 6). Combined then removed the case to this court under 28 U.S.C. § 1441 and 1446 claiming that the complaint falls under the Employment Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1001, and, therefore, the court has jurisdiction under 28 U.S.C. § 1331 and § 1441(b)(Docket No. 1). Robles has opposed the removal and moved to remand the case as merely one for breach of contract(Docket No. 9). Upon review of the issue at hand, the court concludes that Robles' complaint arises under ERISA and, therefore, the case was properly removed.

### Factual Background

On March 10, 2002, Robles' son (a minor) suffered an injury to his right hand resulting in partial loss and amputation of his index finger and the loss of his finger nail on the middle finger (Compl.¶ 2). Both of the child's parents are employees at Walgreens Drug Stores, and both are covered by a group insurance policy provided by Combined for full-time employees (Compl.¶ 3). The maximum benefit for each of the policies is $250,000 for each insured and their beneficiaries. *Id.* The plaintiffs allege that the child is entitled to 25% of the total of the two policies put together, which is $62,500 from each policy or an aggregate total of $125,000 (Compl.¶ 4). Combined, on the other hand, alleges that Robles is not entitled to collect under both policies for one incident (Ans.¶ 4). Robles commenced a state action to recover under the policies, and Combined filed a notice of removal on March 21, 2003 based on 28 U.S.C. §§ 1441 and 1446.

## Discussion

### I. *Standard For Removal*

A defendant may remove any civil action brought in State court to a district court of the United States that has original jurisdiction over the matter, unless an act of congress expressly provides otherwise. 28 U.S.C. § 1441(a). District courts have original jurisdiction over claims arising under federal law. 28 U.S.C. 1331. Additionally, any action may be removed from state courts when the claim arises under a federal statute. 28 U.S.C. 1441(b).

### II. *Does Robles's Complaint Establish an ERISA Claim?*

■■■■ Combined concedes that Robles' complaint does not on its face allege an ERISA claim, but that it nonetheless establishes one because the plan at issue is an "employee welfare benefit plan," as defined by § 3(1) of ERISA, 29 U.S.C. § 1002(1) (Docket No. 1). Combined argues that jurisdiction is governed by § 502, as amended by 29 U.S.C. § 1132(e)(1), which provides:

> "Except for actions under subsections (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter ... State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section."

Section (a)(1)(B) of the above mentioned statute states that a civil suit may be brought in order to recover, enforce, or clarify rights to present or future benefits of the plan. Robles argues that the issue at hand is not an ERISA claim, but rather a contractual issue that should be handled in a state court (Docket No. 9).

■■■ In order to establish an ERISA claim, the plan in question must be a "wel-fare benefit plan" as defined under 29 U.S.C. § 1002(1) of ERISA. *Toledo v. Ayerst–Wyeth,* 852 F.Supp. 91, 98 (1st Cir. 1993). A welfare benefit plan is made up of five elements:

> "(1) a 'plan, fund, or program' (2) established or maintained (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vocation benefits, day care centers, scholarship funds, prepaid legal services, or severance benefits (5) to participants or their beneficiaries." 29 U.S.C. § 1002(1); *Toledo,* 852 F.Supp. at 98; *Donovan v. C.H. Dillingham,* 688 F.2d 1367, 1371 (11th Cir.1982).

"Participant" is defined as any employee or former employee who has become eligible to receive benefits of any type from an employee benefit plan or whose beneficiaries may be eligible to collect benefits from the plan. 29 U.S.C. § 1002(6); *Donovan v. C.H. Dillingham,* 688 F.2d at 1371. "Beneficiary" is defined as "a person designated by a participant, or by the terms of the employee benefit plan, who is or may be entitled to a benefit thereunder." 29 U.S.C. § 1002(8); *Donovan v. C.H. Dillingham,* 688 F.2d at 1371.

The case at hand, does in fact, meet the *prima facie* elements necessary to establish an ERISA claim. Robles' very own complaint states that the insurance policy in question is a plan established by Robles' employer (Walgreens) for all full-time employees (Compl.¶ 3), thus establishing the first three elements of an ERISA claim. 29 U.S.C. § 1002(1); *Toledo,* 852 F.Supp. at 98; *Donovan,* 688 F.2d at 1371. The fact that the suit was brought on behalf of the injured child, for the purpose of the child's medical expenses, establishes the fourth element. *Id.* The fifth and final element requires that the plan's benefits

be for a "participant" or "beneficiary." *Id.* According to the definitions provided above, it is clear that Robles and her legal partner are "participants" in the plan, and that the injured child is a "beneficiary" and eligible to receive benefits. Hence, the claim set forth by Robles falls squarely within the elements of an ERISA claim.

### III. *Is the Removal of Robles's Claim Proper?*

Combined argues that because the ERISA claim falls under a statute of the United States, the claim is a federal question under 28 U.S.C. § 1331; and removable by way of 28 U.S.C. §§ 1441 and 1446 (Docket No. 1). Combined also states that jurisdiction over the issue is governed by § 502, 29 U.S.C. § 1132(e)(1)(District courts and state courts have concurrent jurisdiction over section (a)(1)(B) and exclusive jurisdiction over civil actions under the rest of this subchapter). Section (a)(1)(B)(a civil action may be brought by a participant or beneficiary in order to recover, enforce, or clarify present or future benefits due under the plan) directly addresses the issue raised by Robles's complaint.

The removal of Robles' claim was proper. As stated above, § 502, 29 U.S.C. § 1132(e)(1) gives both district courts and state courts concurrent jurisdiction over issues under section § 502(a)(1)(B).

Moreover, the Supreme Court has determined that an "ERISA claim preempts all state claims that 'relate to' employee benefit plans," regardless of state law claims that may exist in the absence of ERISA. *Tolton,* 48 F.3d at 942 (citing *FMC Corp. v. Holliday,* 498 U.S. 52, 58, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990)). In support of its determination, the court cites the legislative history of ERISA's civil enforcement provisions. *Metropolitan,* 481 U.S. at 65, 107 S.Ct. 1542. The conference report on ERISA describing § 502 states as follows:

[W]ith respect to suits to enforce benefit rights under the plan or to recover benefits under the plan ... All such actions in Federal or State courts are to be regarded as arising under the laws of the United States in similar fashion to those brought under section 301 of the [LMRA] of 1947. *Metropolitan,* 481 U.S. at 65–66, 107 S.Ct. 1542 (citing H.R.Conf.Rep No. 93–1280, p. 327 (1974)).

In *Franchise Tax Board v. Construction Laborers,* 463 U.S. 1, 23, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), the Supreme Court established that the preemptive force of § 301 (of the LMRA of 1947) displaces any state cause of action that may have been in place in the absence of § 301. Similarly, the court went on to say that the preemptive power of § 502 is to be interpreted in the same manner as that of § 301. *Id.* at 24. Consequently, Robles' complaint sets forth a claim that falls within the preemptive powers of § 502, therefore making its removal proper.

### Conclusion

In light of the above analysis, this Court holds that the plaintiffs' complaint does establish an ERISA claim under § 502(a)(1)(B) and that such a claim preempts any related state action. Accordingly, the court **DENIES** plaintiff's motion to remand.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 31th day of July, 2003.